**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY BEAVERS, | No. 18-55883 |
| Plaintiff-Appellee, | D.C. No. 8:17-cv-00100-AG-KES |
| v. | |
| JAMES EDGERTON, Deputy; PATRICK MEDEIROS, Deputy; KENNETH KOCHER, Deputy, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| COUNTY OF ORANGE, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 14, 2019
Pasadena, California

Before: WARDLAW, BYBEE, and MILLER, Circuit Judges.

In this § 1983 action, Gary Beavers, a pretrial detainee, alleges that Orange

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

County Sheriff's Department deputies Patrick Medeiros, James Edgerton, and Kenneth Kocher used excessive force and were deliberately indifferent to his medical needs. The deputies appeal the district court's partial denial of their motion for summary judgment on the basis of qualified immunity for Beavers's Fourteenth Amendment claims. We review the district court's order denying summary judgment on the basis of qualified immunity *de novo*, "consider[ing] all disputed facts in the light most favorable to the nonmoving party." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). In this interlocutory appeal, we may not consider questions of evidentiary sufficiency; rather, our review is limited to the purely legal issue "whether the defendants would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *George v. Morris*, 736 F.3d 829, 836 (9th Cir. 2013) (citation and alteration omitted). We affirm.

1. The district court properly denied the motion for summary judgment by Deputies Medeiros and Edgerton on Beavers's excessive force claims. A genuine dispute of material fact exists as to whether Medeiros and Edgerton used objectively unreasonable force on May 29, 2015 and October 26, 2016, respectively, in violation of Beavers's Fourteenth Amendment rights. "[A] jury could reasonably conclude that there was little or no need" for Medeiros's use of

force against Beavers because Beavers posed a negligible threat to Medeiros, there were no other inmates around, Medeiros was accompanied by two fellow deputies, and Beavers complied with Medeiros's order to face the wall. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). Similarly, a jury could reasonably find that Edgerton's use of pain compliance tactics was "both substantial and excessive" relative to Beavers's actions given that Beavers complied with each of Edgerton's requests and remained seated with his feet chained in the holding cell. *Id*.

When all factual disputes are resolved in Beavers's favor, the conduct of Medeiros and Edgerton violated Beavers's "clearly established" right to be free from use of excessive force. *Martinez v. Stanford*, 323 F.3d 1178, 1183–84 (9th Cir. 2003) (holding that summary judgment on the officers' qualified immunity defense to an excessive force claim was precluded by genuine issues as to the degree of force because "the law regarding a prison guard's use of excessive force was clearly established by 1994"); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (noting the holding in *Graham v. Connor*, 490 U.S. 386 (1989), that "force is only justified when there is a need for force"). An objectively reasonable officer would have known that forcibly restraining and injuring Beavers after he had complied with the deputies' orders to face the wall and produce the requested court order violates his Fourteenth Amendment rights.

2. The district court correctly denied Deputy Kocher's summary judgment

3

motion on qualified immunity for Beavers's claim that Kocher was deliberately indifferent to his medical needs. There is a genuine dispute of material fact as to whether Kocher acted with "reckless disregard" for Beavers's wellbeing when, after Beavers requested medical care for his obvious eye injury, Kocher refused to get Beavers medical care and instead left him chained to a bench for twelve hours. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). A reasonable jury could find that Kocher created "a substantial risk of serious harm to" Beavers that could have been eliminated by Kocher taking "reasonable and available measures." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019) (citation omitted).

Kocher waived his challenge to the district court's determination as to whether Beavers's rights were clearly established because he failed to make this argument in his opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (explaining that this court will "review only issues which are argued specifically and distinctly in a party's opening brief" (citation omitted)). Regardless, it is "clearly established that the officers [may] not intentionally deny or delay access to medical care" to pretrial detainees. *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002); *see Gordon*, 888 F.3d at 1124–25.

**AFFIRMED.**